```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

KENNAN G. DANDAR and
DANDAR & DANDAR, P.A.,

    Plaintiffs,

v.                                  Case No. 8:12-cv-2477-T-33EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
F. WALLACE POPE, JR., JOHNSON
POPE BOKOR RUPPEL & BURNS LLP,
and DAVID MISCAVIGE,

    Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of Defendants' Motion for Sanctions (Doc. # 49), filed on January 24, 2013. Plaintiffs failed to file a response in opposition to the motion, and the time for Plaintiffs to do so has expired. Nonetheless, for the reasons that follow, the Motion is denied.

**I.   Background**

In May of 2004, Plaintiffs Kennan Dandar and Dandar & Dandar, P.A. entered into a settlement agreement with Defendant Scientology. In March of 2009, in response to a perceived breach of that agreement, Scientology filed a motion to enforce the settlement agreement in the Circuit

Court for the Sixth Judicial Circuit in and for Pinellas County, Florida.

On November 26, 2012, after more than three years of litigation involving Scientology's motion to enforce the settlement agreement, the state court held a hearing on the amount of sanctions to be assessed against Dandar in light of the breach.  In anticipation of the impending hearing on the amount of sanctions to be imposed against him, Dandar filed the present action on October 31, 2012, asserting claims for relief in accordance with 42 U.S.C. § 1983. Scientology characterizes Dandar's Section 1983 action as "a maniacal effort to have this Court prevent the state circuit court from entering a final judgment for damages against [him]," and accordingly filed the instant motion for sanctions under 28 U.S.C. § 1927.  (Doc. # 49 at 3).

**II. Discussion**

"Section 1927 provides that lawyers who multiply court proceedings vexatiously may be assessed the excess 'costs' they create." Roadway Exp., Inc. v. Piper, 447 U.S. 752, 757 (1980). Specifically, the statute states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to

2

>satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "To warrant sanctions pursuant to § 1927, an attorney must (1) 'engage in unreasonable and vexatious conduct'; (2) 'this conduct must multiply the proceedings'; and (3) 'the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct.'" Young Apts., Inc. v. Town of Jupiter, No. 11-15618, 2013 WL 69215, at *13 (11th Cir. Jan. 7, 2013) (quoting Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010)).

"An attorney multiplies the proceedings unreasonably and vexatiously only when the attorney's conduct is so egregious that it is tantamount to bad faith, which turns on the objective conduct of the attorney." Town of Jupiter, 2013 WL 69215, at *13 (internal quotations omitted). "Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." Id. (internal quotation omitted).

Defendants complain that Dandar has "filed three almost identical complaints alleging purported civil rights claims against the Defendants[,] [and Dandar has] twice

3

moved for an emergency temporary injunction on the same grounds." (Doc. # 49 at 6). To support their argument in favor of imposing sanctions, Defendants reference Religious Technology Center v. Liebreich, 98 F. App'x 979 (5th Cir. 2004), in which the Fifth Circuit commented that "the Dandars' continued engagement in improper motion practice after repeated warnings by the district court was reckless disregard of the duty they owed to the court. Such conduct is unreasonable and vexatious beyond cavil, and therefore warrants § 1927 sanctions." Id. at 984.

However, the Court finds Dandar's conduct in the present matter distinguishable from Dandar's apparent engagement in "improper motion practice" in Liebreich. In the instant case, Dandar has filed two amended complaints (the second amended complaint filed with leave of Court), and two motions for preliminary injunction. (Doc. ## 2, 24, 25, 45). The Court has issued no warning to Dandar regarding any vexatious or unreasonable practice, and although Dandar's motions for preliminary injunction were ultimately unsuccessful, the Court finds that Dandar's prosecution of this action has not constituted egregious conduct tantamount to bad faith. The Court therefore declines to award sanctions under Section 1927.

4

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion for Sanctions (Doc. # 49) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 15th day of February, 2013.

　　　　　　　　　　　　　　　　　　　　　VIRGINIA M. HERNANDEZ COVINGTON
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record.