UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KENNAN G. DANDAR and
DANDAR & DANDAR, P.A.,

    Plaintiffs,

v.   Case No. 8:12-cv-2477-T-33EAJ

CHURCH OF SCIENTOLOGY FLAG
SERVICE ORGANIZATION, INC.,
F. WALLACE POPE, JR., JOHNSON
POPE BOKOR RUPPEL & BURNS LLP,
and DAVID MISCAVIGE,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiffs' Motion for Rehearing of the May 28, 2014 Order (Doc. # 92), filed on June 3, 2014. Defendants filed a response in opposition to the Motion (Doc. # 97) on July 8, 2014. For the reasons that follow, the Motion is denied.

**I.   Background**

On May 28, 2014, in accordance with the United States Court of Appeals for the Eleventh Circuit's Opinion issued December 19, 2013 (Doc. # 74), and Mandate issued January 22, 2014 (Doc. # 75), this Court issued an Order reconsidering

the disposition of Counts I and II of Dandar's[1] second amended complaint light of the recent Supreme Court decision, <u>Sprint Communications, Inc. v. Jacobs</u>, 134 S. Ct. 584 (2013). The Court provided a comprehensive factual and procedural summary of this case within the May 28, 2014, Order (<u>See</u> Doc. # 91 at 2-20), which the Court declines to reproduce herein.

The May 28, 2014, Order partially granted Defendants' motion to dismiss and found abstention under <u>Younger v. Harris</u>, 401 U.S. 37 (1971), to be appropriate as to Dandar's claims for injunctive and declaratory relief even after applying the clarified standard set forth in <u>Sprint</u>. (<u>Id.</u> at 48-49). Dandar's present Motion for Rehearing requests that the Court reconsider that Order. (Doc. # 92). The Court has reviewed the Motion, as well as the response, and is otherwise fully advised in the premises.

## II.  **<u>Legal Standard</u>**

A motion for rehearing is reviewed in the same manner as a motion for reconsideration. <u>See</u> <u>In re Envirocon Intern. Corp.</u>, 218 B.R. 978, 979 (M.D. Fla. 1998). It is within the Court's discretion to grant a motion for reconsideration.

---

[1] Consistent with the Court's previous Orders in this matter, the Court refers to Plaintiffs Kennan G. Dandar and the law firm of Dandar & Dandar, P.A. collectively as "Dandar."

2

Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking."

3

Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005). In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at *11 (internal citation and quotation omitted).

### III. Discussion

Dandar's Motion for Rehearing does not identify which of the three grounds justifying relief applies in this case. However, since Dandar's Motion presents neither an intervening change in controlling law nor the availability of new evidence, the Court construes the Motion to be premised upon the need to correct clear error or manifest injustice.

Far from finding a clear error or manifest injustice, however, this Court considers Dandar's Motion a prime example of a litigant attempting to rehash under the guise of a reconsideration motion those arguments which the Court previously found lacking. Moreover, several of the issues raised in Dandar's Motion are issues that have never properly come before the Court in this action and that are not properly before the Court now.

As Defendants comment in response to the Motion:

4

> Fundamentally, Dandar asks this Court to review and decide differently the question of whether the confidential settlement agreement was enforceable with respect to his promises to disengage from any further representation of parties adverse to Scientology parties. Dandar also invites this Court to reverse the state court decision by declaring that the trial court was without jurisdiction to even consider the issue.

(Doc. # 97 at 4). Furthermore, Defendants offer some perspective on the procedural posture of this case, explaining that "[t]he remaining issue before the state court is whether sanctions are appropriate for Dandar's breach of the settlement agreement and, if so, the amount." (Id. at 5). Defendants maintain that, "[d]espite his protests, Dandar is litigating those issues within the state court system but inexplicably asks this Court to enjoin those very proceedings." (Id.).

Indeed, within the present Motion, Dandar once more requests that this Court enjoin the execution of the state court judgment against him, "declaring that the state court acted in complete absence of jurisdiction rendering all proceedings and the judgment void." (Doc. # 92 at 15). In so moving, Dandar supplies the Court with his interpretation of certain orders entered in related actions, argues that this Court has overlooked the state court's misapplication of Florida Rule of Civil Procedure 1.730(c), and reemphasizes

5

that "abstention is not appropriate where constitutional rights are being violated." (Id. at 3, 8, 11). Notably, none of these arguments focus on the narrow issue as to whether the state court proceedings Dandar seeks to enjoin constitute proceedings involving orders uniquely in furtherance of the state court's ability to perform its judicial functions, as recognized by Sprint, 134 S. Ct. at 588. This question alone was the core of the Eleventh Circuit's remand, and Dandar has neglected to dispute the Court's findings with respect to the classification of this case as involving one of the "exceptional circumstances" catalogued in Sprint.[2]

As for Dandar's arguments concerning Rule 1.730(c), the Court finds that they miss the mark. Rather than addressing the question at hand - whether this Court must abstain under Younger as a result of the ongoing related state proceedings – Dandar argues that the state court erroneously applied this

---

[2] Dandar does attempt to distinguish the cases of Juidice v. Vail, 430 U.S. 327 (1977) and Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987), but only to rehash his previous arguments that the state court lacked jurisdiction to impose the relevant sanctions and that the state court proceedings are motivated by a desire to harass or are conducted in bad faith. This Court acknowledged these arguments both at the May 19, 2014, hearing and within the May 28, 2014, Order, and found Younger abstention appropriate notwithstanding. (See Doc. # 91 at 22 n.2, 40).

rule to the circumstances of the underlying state court action in the first place. As previously explained, the appropriateness of Dandar's sanctions imposed pursuant to this rule remains the subject of spirited litigation in the state court, and this ongoing litigation is the very reason for this Court's abstention analysis employed in the May 28, 2014, Order. The Court declines Dandar's invitation to sit in review of a Florida state court's interpretation of a Florida Rule of Civil Procedure.

Similarly unavailing is Dandar's argument that the Court should grant equitable relief because "[t]he instant matter is completely different from the case of Estate of Brennan v. Church of Scientology Flag Service Organization, Inc., 645 F.3d 1267 (11th Cir. 2011)," as this Court's equitable powers under 42 U.S.C. § 1983 constitute an exception to the Anti-Injunction Act, 28 U.S.C. § 2283. (Doc. # 92 at 1). Contrary to Dandar's assertion that the Court has "overlooked" this fact (Id. at 2), the Court explicitly acknowledged it in the May 28, 2014, Order. Specifically, in a section entitled "Additional Considerations Favoring Abstention," the Court referenced the Eleventh Circuit's discussion in Brennan and further explained that, "[a]lthough this Court recognizes that the anti-injunction statute at issue in the Brennan

7

decision would not necessarily operate to bar this Court's issuance of an injunction pursuant to Section 1983, the Court finds the Eleventh Circuit's general warning equally applicable in this case . . . ." (Doc. # 91 at 44-45).

This case comprises only a single piece in the tessellation of ongoing litigation between Dandar and the Defendants. Dandar's present Motion fails to isolate that piece and instead confuses the issues before this Court with other matters either already decided or properly litigated before the state court. Because the Motion fails to set forth any new facts or law which could convince this Court to alter its prior decision, and because the Court finds no need to correct clear error or manifest injustice, the Court denies Dandar's Motion for Rehearing.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Plaintiffs' Motion for Rehearing of the May 28, 2014 Order (Doc. # 92) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of July, 2014.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

8

Copies: All Counsel of Record